**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF VIRGINIA**

**Richmond Division**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:13-CR-022 |
| ) | |
| DAVID EDWARD SLEEZER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT SLEEZER'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO SEAL

COMES NOW, the defendant, DAVID EDWARD SLEEZER, by counsel, and in support of his Motion to Seal, by counsel, and requests that this Court seal an exhibit to the defendant's Sentencing Position for the following reasons:

In *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597, 98 S. Ct. 1306, 1312, 55 L. Ed. 2d 570, 580 (1978), the Supreme Court recognized a common law right to inspect and copy judicial records and documents. This right to access to court records is not absolute, however." *In re: The Knight Publishing Company v. Observer*, 743 F.2d 231, 234 (1984). A court "has supervisory power over its own records, and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *Id*. at 235. When asked to seal court documents, the court must follow specific procedures.

According to Fourth Circuit case law, before a court may seal any court documents the court must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents,

and (3) provide specific reasons and factual findings supporting its decision to seal and for rejecting the alternatives. *Ashcroft v. Conoco*, 218 F.3d 288, 302 (4th Cir. 2000).

The exhibit at issue in this motion is a Psychosexual Evaluation report performed on the defendant by Evan S. Nelson, Ph.D., ABPP, CSOTP, and it contains confidential, sensitive, and personal information about him and his family. Placing this exhibit UNDER SEAL will protect the defendant's and his family's privacy, and any and all medical information as protected by the Health Insurance Privacy and Portability Act (HIPPA).

For the foregoing reasons, the defendant requests that this Court grant his Motion to Seal his Psychosexual Report which is an exhibit to the defendant's Sentencing Position.

    Respectfully Submitted,
    **DAVID EDWARD SLEEZER**

    By_____/s/_____
    Michael HuYoung, Esquire, VSB # 22095
    Barnes & Diehl, P.C
    6806 Paragon Place, Suite 110
    Richmond, VA 23230
    *Counsel for the Defendant*
    Phone: (804) 762-9500
    Fax: (804) 762-9654
    Email: mhuyoung@BarnesFamilyLaw.com

## **CERTIFICATE**

I hereby certify that on this \_\_\_8th\_\_\_day of July, 2013, I electronically filed the foregoing with the Clerk of Court using CM/ECF system, which will send a notification of such filing (NEF) to the following:

    Brian R. Hood, Esquire
    Assistant United States Attorney
    United States Attorney's Office
    600 E. Main Street, Suite 1800
    Richmond, Virginia 23219-2447
    Phone: (804) 819-5400
    Fax: (804) 771-2316
    Email: Brian.Hood@usdoj.gov

Samuel E. Fishel, Esquire, VSB # 48280
Senior Assistant Attorney General Chief
Computer Crime Section Virginia Attorney General's Office
900 East Main Street
Richmond, Virginia  23219
Phone: (804) 786-3870
Fax: (804) 786-0142
Email: sfishel@oag.state.va.us

Patrick Raible
Christopher Zychowski
United States Probation Officers
Suite 1150
701 East Broad Street
Richmond, Va. 23219
Phone: 804) 916-2520
Fax:  (804) 916-2550
Email:  Patrick_Raible@vaep.uscourts.gov
        Christopher_Zychowski@vaep.uscourts.gov


_____/s/_____
Michael HuYoung, Esquire, VSB # 22095
Barnes & Diehl, P.C
6806 Paragon Place, Suite 110
Richmond, VA  23230
*Counsel for the Defendant*
Phone:  (804) 762-9500
Fax:  (804) 762-9654
Email:  mhuyoung@BarnesFamilyLaw.com